IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KRAIG PAYNE, Y40610,           )
                                 )
               Plaintiff,    )
                                 )
vs.                           )      Case No. 25-cv-881-DWD
                                 )
LATOYA HUGHES,             )
JEREMIAH BROWN,          )
                                 )
             Defendants.   )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff's original complaint was dismissed as insufficient to state a claim (Doc. 14), and he has now filed a timely amended pleading (Doc. 17). Plaintiff's amended complaint (Doc. 17) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i-iii). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).*

## The Amended Complaint[1]

The initial complaint alleged that Plaintiff had some issue with transmitting mail at the prison, but it also suggested he might have caused his own problem by placing the mail in the incorrect receptacle. In the amended complaint, Plaintiff alleges that in February of 2025, he deposited a document for mailing on his way to yard. He alleges it was a response to an affirmative defense, and a certificate of service. (Doc. 17 at 4). He alleges the certificate of service was "violated" by counselor Tate, a non-party. He goes on to allege that his conduct was not intentional, and he placed his documents for mailing without realizing people "do cruel things." (Doc. 17 at 5). He faults other officers for failing to speak up and alleges Defendant Brown (the Warden) knew about it but did nothing. (Doc. 17 at 5). He further alleges that he filed a report that got appealed to Defendant Hughes (IDOC Director), but she lied and did not investigate his issue. (Doc. 17 at 4, 6). Plaintiff seeks monetary compensation.

## Analysis

Plaintiff's complaint is still insufficient as pled. Inmates have a constitutional right to access the courts, including the right to have "basic scribe materials," such as paper and writing utensils. *See Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002); *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995). To state a claim of denial of access to the courts, a plaintiff must allege that he was, or is, suffering an 'actual injury' by being 'frustrated' or 'impeded' in bringing a non-frivolous claim

---

[1] Plaintiff transmitted two amended complaints (Docs. 15, 17), but they both appear identical in substance, so the Court focused on the newest pleading (Doc. 17).

regarding his criminal conviction, sentence or conditions of confinement. *Lewis,* 518 U.S. 353-55. Moreover, the injury must be a specific hinderance related to a lawsuit, *Owens v. Evans,* 878 F.3d 559, 565 (7th Cir. 2017), and cannot be a speculative, future harm, *Marshall v. Knight,* 445 F.3d 965, 969-70 (7th Cir. 2006).

Here, Plaintiff complains that he was impeded in sending a response to an exhaustion motion, which suggests he was trying to mail a court document, but he does not explain how this hinderance harmed him. Specifically, he does not claim that this incident harmed his ability to pursue a meritorious claim in another lawsuit. Plaintiff attributes the problem to counselor Tate, a person he did not name as a party in the case caption, but even if he had properly named Tate, there is no adequate claim. He alleges that he deposited his mail into a box and does not explain how or why he knows that Tate was involved in the problems with his mail being transmitted.

As to Defendant Brown, Plaintiff alleges he knew about the incident and did nothing, but he does not say how he notified Brown of the problem. Merely being a prison supervisor is not sufficient to create liability, and high-level officials may delegate many tasks to employees of the organization. *See e.g., Burks v. Raemisch,* 555 F.3d 592, 594-96 (7th Cir. 2009) (public employees are liable for their own misdeeds but not for anyone else's). As for Latoya Hughes, Plaintiff faults her for not providing a satisfactory response to an "appeal" or possibly a grievance about the mail issue. Because high-level prison officials are not liable for the misconduct of others, an inmate may only possibly establish liability against such an official if he or she can point to a highly detailed correspondence that informs them of a serious situation but is ignored. *See e.g., Perez v. Fenoglio,* 792 F.3d

768 (7th Cir. 2015) (finding that multiple highly detailed grievances about a serious medical issue were sufficient to potentially hold the grievance officials liable for alleged deliberate indifference). Plaintiff says he complained to Hughes, but he does not explain when he complained or what he said. The Court does not find it plausible that a single grievance or message about one missing piece of mail constitutes a serious situation, to which Hughes was deliberately indifferent. Many individuals both within and outside of prison experience occasional problems with lost mail. All Plaintiff says about Hughes' role is that he was dissatisfied with the outcome. This is insufficient to demonstrate deliberate indifference to a serious problem, as opposed to a routine role in grievance processing. *See e.g.*, *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (the alleged mishandling of a grievance is not enough to state a claim).

Having reviewed Plaintiff's amended complaint, the Court finds that it is not necessary to afford further opportunities to amend because it is not apparent that there is any set of related facts that would be sufficient to sustain a constitutional claim. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

**Disposition**

Plaintiff's Amended Complaint (Doc. 17) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915A.  Plaintiff's Motion for an Extension of Time to Amend (Doc. 16) is **GRANTED** instanter because the Court received and reviewed the pleading.  The Clerk of Court shall enter judgment and **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: September 29, 2025                    /s *David W. Dugan*
                                                                    _____
                                                                    DAVID W. DUGAN
                                                                    United States District Judge